# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LAURA BIDWELL

### DEFENDANTS
COUNTY OF MONTGOMERY

**(b)** County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CIVIL RIGHTS**
- [x] 442 Employment

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, FMLA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/21/2023

SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __674 Daisy Lane, Pennsburg, Pennsylvania 18073__

Address of Defendant: __425 Swede Street, Norristown, Pennsylvania 19404__

Place of Accident, Incident or Transaction: __425 Swede Street, Norristown, Pennsylvania 19404__

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/21/2023__    __/s/ Sidney L. Gold, Esquire__    __21374__
         *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __08/21/2023__    __/s/ Sidney L. Gold, Esquire__    __21374__
         *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LAURA BIDWELL | : | CIVIL ACTION |
| v. | : | |
| COUNTY OF MONTGOMERY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (☑)

| 08/21/2023 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

    (a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

    (b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

    (c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

    (d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

    (e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

    Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA BIDWELL, | : |
| *Plaintiff,* | : |
| v. | : CIVIL ACTION NO._____ |
| COUNTY OF MONTGOMERY, | : |
| *Defendant.* | : |

**COMPLAINT AND JURY DEMAND**

**I.     PRELIMINARY STATEMENT:**

1.     This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Laura Bidwell ("Plaintiff Bidwell"), a former employee of the Defendant, County of Montgomery ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.     This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.     JURISDICTION AND VENUE:**

3.     The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Bidwell's claims are substantively based on the ADA and FMLA.

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Bidwell's claims arising under the PHRA.

1

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Bidwell has satisfied all other jurisdictional prerequisites to the maintenance of this action. On May 23, 2023, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III.   PARTIES:

6. Plaintiff, Laura Bidwell ("Plaintiff Bidwell"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 674 Daisy Lane, Pennsburg, Pennsylvania 18073.

7. Defendant, County of Montgomery ("Defendant"), is a county within the Commonwealth of Pennsylvania, maintaining administration offices at 425 Swede Street, Norristown, Pennsylvania 19404.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined by the ADA, FMLA, and PHRA, and has been, and is, subject to the provisions of each said Act.

10. During the relevant time frame, Plaintiff Bidwell was an "eligible employee" as defined under the FMLA, and was accordingly entitled to the protections of the provisions of said Act.

IV. **STATEMENT OF FACTS:**

11. Plaintiff Bidwell was employed by the Defendant from on or about June 28, 2010 until on or about January 3, 2022, the date of her termination.

12. Throughout her employment with the Defendant, Plaintiff Bidwell held various positions and earned several promotions. Plaintiff Bidwell began her employment in the position of Telecommunicator and ultimately achieved the position of Tier 2 Dispatcher, which is the position that she held at the time of her termination. At all times relevant hereto, Plaintiff Bidwell maintained a satisfactory job performance in her various roles.

13. By way of background, Plaintiff Bidwell suffers from Post-Traumatic Stress Disorder. Said medical condition constitutes a disability within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), in that it substantially impairs one or more of Plaintiff Bidwell's major life activities, including, but not limited to, sleeping, interacting with others, breathing, and normal stress response.

14. In or about August of 2021, Defendant reinstated a masking policy within the workplace in connection with the COVID-19 pandemic. Per Defendant's policy, Plaintiff Bidwell was required to wear a mask while walking to and from her work station and in common areas, but could remove the mask while seated at her work station.

15. By way of further background, wearing a mask causes Plaintiff Bidwell, who is a veteran, to experience exacerbated symptoms of her disability, including panic attacks and breathing difficulties.

16. Importantly, Defendant's mask policy was generally unenforced. Numerous employees of Defendant frequently moved about the workplace without a mask, or while wearing a mask improperly, without repercussion.

17.  On or about September 3, 2021, Brian Spatz ("Spatz"), Emergency Communications Supervisor, informed Plaintiff Bidwell that she was required to wear a mask covering her nose and mouth while outside of her work station.

18.  On the same date, Plaintiff Bidwell met with Tori Rosa ("Rosa"), Platoon Commander, Matthew Markland ("Markland"), Platoon Commander, and Jennifer Cass ("Cass"), Deputy Director, and requested a religious exemption to the masking policy. Plaintiff Bidwell did not request a medical based exemption at that time, as she was fearful to disclose her mental health related disability given the nature of her job.

19.  Following said conversation, Cass sent an email to Plaintiff Bidwell requesting specific information about Plaintiff Bidwell's religion and religious beliefs, and Plaintiff Bidwell provided the same to Cass.

20.  On or about September 8, 2021, Plaintiff Bidwell learned that Defendant had denied her exemption request. As such, Plaintiff Bidwell contacted Donna Pardieu ("Pardieu"), Director of Human Resources, to discuss Defendant's decision. Pardieu advised Plaintiff Bidwell that Defendant would not consider exemption requests to the masking policy for religious reasons and would only consider exemptions for medical reasons.

21.  Thereafter, Plaintiff Bidwell attempted to wear a mask in compliance with Defendant's policy, despite the fact that wearing the same severely exacerbated the symptoms of her disability and caused her to experience debilitating panic attacks. However, Plaintiff Bidwell's colleagues and superiors continued to violate said policy on a regular basis.

22.  On or about September 16, 2021, Plaintiff Bidwell provided documentation from her physician advising that she could not wear a mask due to her disability and requested an

4

exemption as a reasonable accommodation for the same. However, Defendant rejected said documentation insomuch as it was not on "professional letterhead."

23. As such, on or about September 20, 2021, Plaintiff Bidwell's physician provided additional documentation to Defendant on the letterhead requested. Plaintiff Bidwell heard nothing until September 27, 2021, at which time Tara Katzman ("Katzman"), Compliance Officer, advised Plaintiff Bidwell that her request for accommodation was denied.

24. On or about September 29, 2021, Plaintiff Bidwell contacted Pardieu to discuss the possibility of taking medical leave, as Defendant had refused to accommodate her disability. In response, Pardieu provided Plaintiff Bidwell with information on the Family and Medical Leave Act ("FMLA").

25. On or about October 1, 2021, Jess Rhoads ("Rhoads"), Supervisor, summoned Plaintiff Bidwell to the command room and expressed her concern that Plaintiff Bidwell was not acting like herself over the prior several days. Plaintiff Bidwell informed Rhoads that she was concerned that she was going to lose her job due to her disability, as Defendant would not accommodate her.

26. On or about October 2, 2021, Plaintiff Bidwell reported to work. However, approximately four (4) hours into Plaintiff Bidwell's work shift, Spatz sent her home from work as a result of her medical inability to wear a mask.

27. The following day, on or about October 3, 2021, Plaintiff Bidwell reported to work, only to be sent home immediately based upon her inability to wear a mask. On the same date, Plaintiff Bidwell commenced a medical leave of absence under the FMLA.

28. Throughout the following two (2) months, Plaintiff Bidwell remained on FMLA leave. On or about December 2, 2021, Plaintiff Bidwell sent an email to Pardieu in anticipation

of her return to work on December 29, 2021. Plaintiff Bidwell specifically advised that she was still medically unable to wear a mask and requested to discuss how Defendant planned to accommodate her upon her return.

29. Two weeks later, on or about December 16, 2021, Plaintiff Bidwell received a response from Pardieu stating only that she would "be in touch." Later the same day, Pardieu informed Plaintiff Bidwell that Defendant planned to post a Veteran Services Officer position and suggested that Plaintiff Bidwell apply for the same. As such, Plaintiff Bidwell applied for the role on December 21, 2021, the first date that it was posted.

30. On or about December 24, 2021, Pardieu informed Plaintiff Bidwell that Defendant expected that she would fully comply with the masking policy upon her return to work. In response, Plaintiff Bidwell expressed that she was looking forward to returning, but reiterated that she could not comply with the policy due to her disability. Plaintiff Bidwell explained that she felt forced to utilize medical leave as a result of Defendant's failure to accommodate her, and expressed her disappointment with Defendant's lack of communication and continued refusal to accommodate.

31. On or about December 29, 2021, Plaintiff Bidwell returned to work. However, immediately upon her arrival, Defendant sent Plaintiff Bidwell home from work based upon her violation of the masking policy.

32. The following day, on or about December 30, 2021, Rosa and Cass issued Plaintiff Bidwell a Final Warning regarding the masking policy. Plaintiff Bidwell explained that her disability caused her to experience panic attacks, which were triggered and exacerbated by wearing a mask, and expressed that she only wished Defendant would work with her. Nonetheless, Plaintiff Bidwell was sent home from work.

33. On or about January 3, 2022, Defendant terminated Plaintiff Bidwell's employment based upon her failure to comply with the masking policy.

34. Plaintiff Bidwell believes and avers that Defendant terminated her employment based on her actual and/or perceived disability and/or record of impairment (Post-Traumatic Stress Disorder) and/or in retaliation for requesting a reasonable accommodation for her disability.

### COUNT I
### (ADA – Disability Discrimination, Failure to Accommodate, Retaliation)
### Plaintiff Bidwell v. Defendant

35. Plaintiff Bidwell incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Bidwell to discrimination on the basis of her actual and/or perceived disability and/or record of impairment, failing to accommodate Plaintiff Bidwell, and retaliating against Plaintiff Bidwell for requesting a reasonable accommodation for her disability, constituted violations of the ADA.

37. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Bidwell sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

38. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Bidwell suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (FMLA – Retaliation)
### Plaintiff Bidwell v. Defendant

39. Plaintiff Bidwell incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

40. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Bidwell for exercising her rights under the FMLA, ultimately resulting in the termination of her employment, constituted a violation of the FMLA.

41. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith, and in reckless disregard of Plaintiff Bidwell's rights.

42. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Bidwell has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT III
### (PHRA –Disability Discrimination, Failure to Accommodate, Retaliation)
### Plaintiff Bidwell v. Defendant

43. Plaintiff Bidwell incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Bidwell to discrimination based on her actual and/or perceived disability and/or record of impairment, failing to accommodate Plaintiff Bidwell, and retaliating against Plaintiff Bidwell for requesting a reasonable accommodation for her disability, constituted violations of the PHRA.

45. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Bidwell has sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

46. As further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Bidwell suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**PRAYER FOR RELIEF**

47. Plaintiff Bidwell incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Bidwell requests that this Court enter judgment in her favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff Bidwell with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b. Defendant compensate Plaintiff Bidwell with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Bidwell punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Bidwell pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.  The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Bidwell demands trial by jury.

                                  SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. No.:  21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff**

DATED:  August 21, 2023

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: Aug 18, 2023

*Laura bidwell*
Laura bidwell (Aug 18, 2023 10:38 MDT)
LAURA BIDWELL, PLAINTIFF